IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

EDWARD JESUS-NUNEZ, :
:
    Petitioner :
: CIVIL NO. 4:10-CV-2200
:
v. : (Judge McClure)
:
DOMINICK DEROSE, :
:
    Respondent :

## **MEMORANDUM**

November 8, 2010

## **I. INTRODUCTION**

Petitioner Edward Jesus-Nunez ("Petitioner" or "Jesus-Nunez"), a pre-trial detainee presently confined at the Dauphin County Prison in Harrisburg, Pennsylvania, initiated the above action *pro se* by filing a petition for writ of habeas corpus ("petition"). (Rec. Doc. No. 1.) He has paid the required $5.00 filing fee. (*Id.* at 14.) For the reasons set forth below, the petition will be summarily dismissed without requiring a response from Respondent.

## **II. BACKGROUND**

In his petition, filed on October 26, 2010, Petitioner provides the following background:

In 2008, the Federal Drug Enforcement Agency ("DEA"), the Lebanon County

Drug Task Force, Lebanon County Police Department, Lebanon County District Attorney's Office, the Internal Revenue Service, the United States Postal Service, and the Pennsylvania State Police began an investigation of Petitioner without obtaining a warrant. (Rec. Doc. No. 1 at 4.) On February 9, 2009, DEA Special Agent Joseph Myers attached a magnetic Global Positioning System ("GPS") device to the underside of the rear bumper of Petitioner's Mercedes Benz. (*Id.* at 5.) In March 2009, Special Agent Myers attached a separate magnetic GPS device to the underside of the rear bumper of Petitioner's Honda Accord. (*Id.*) From the time the GPS devices were installed until January 22, 2010, investigators used the GPS devices to track the movement of Petitioner's vehicles. (*Id.*) According to the GPS report, there were 4,307 registered stops, and the GPS devices gathered data of the exact date, time, and precise location of each stop. (*Id.*)

In his petition, Jesus-Nunez provides the docket number for a criminal case, Case No. 1:10-CR-0017. A search of the CM/ECF System reveals that this docket number is assigned to a case in which Petitioner is a defendant awaiting trial on drug-related charges before the Honorable Sylvia H. Rambo of this Court. It is apparent from review of the docket that the evidence gathered from the GPS devices attached to Petitioner's vehicles served as a basis for the filing on January 22, 2010 of the criminal charges he now faces.

Jesus-Nunez raises two (2) issues in the instant petition. First, he argues that the warrantless attachment of the GPS devices to his two (2) vehicles deprived him of his "property" and violated his right to due process. (*Id.* at 5-9.) Second, he argues that, under the Bail Reform Act of 1984 generally, "no black African America[n], Latin, Puerto Rican, Cuban, Dominican or Mexican are getting any bail because they are all being stamped dangerous for the Government interest" and that, at the Dauphin County Prison, "there is not one African American or Latin American with a bail [*sic*], not one." (*Id.* at 10.) Petitioner argues that the Due Process Clause entitles individuals to bail, and requests nominal bail or reasonable bail or a hearing. (*Id.* at 10-12.)

A review of the docket in Petitioner's criminal case shows that his counsel filed a motion to suppress evidence on his behalf raising essentially the same argument that Petitioner now raises in his first issue of the instant petition. (*United States of America v. Edward Jesus-Nunez,* Case No. 1:10-CR-00017-01, Rec. Doc. No. 143.) In a July 27, 2010 Memorandum and Order denying Jesus-Nunez's pre-trial motion to suppress, Judge Rambo summarized the pertinent information as to his indictment and the issue presented in the motion as follows:

> On January 27, 2010, Defendant, Edward Jesus-Nunez was charged in a four-count indictment with (1) criminal conspiracy to distribute and possession with intent to distribute cocaine hydrochloride and cocaine base, in violation of 21 U.S.C. § 846; (2) criminal conspiracy to distribute

3

and possession with intent to distribute marijuana, in violation of 21 U.S.C. § 846; (3) distribution and possession with intent to distribute cocaine hydrochloride and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and 18 U.S.C. § 2; and (4) use of a communication facility in committing a drug crime, in violation of 21 U.S.C. § 243(b). On January 29, 2010, Defendant pled not guilty to the charges in the indictment. On June 18, 2010, Defendant filed a motion to suppress evidence claiming the Government violated his Fourth Amendment rights by attaching and monitoring the movement of his vehicles on public thoroughfares via a magnetic Global Positioning System ("GPS").

(*Id.*, Rec. Doc. No. 183-2 at 1.) In her Memorandum, Judge Rambo concluded that there was no Fourth Amendment search or seizure as a result of the Government's use of the GPS devices to track the movements of Petitioner's vehicles, and thus, the DEA agents did not need probable cause or reasonable suspicion to attach and monitor the devices to Petitioner's vehicles. (*Id.* at 8.) Judge Rambo also concluded that facts existed that provided the Government with a reasonable, particularized basis to attach the GPS monitoring devices to Petitioner's vehicles. (*Id.* at 9.) Based on these conclusions, Petitioner's motion to suppress was denied. (*Id.* at 10.)

### III. DISCUSSION

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4

("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977). *See, e.g., Mutope v. Pennsylvania Board of Probation and Parole,* 2007 WL 846559 *2 (M.D. Pa. Mar. 19, 2007) (Kosik, J.). Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where ... the necessary facts can be determined from the petition itself . . . ." *Gorko v. Holt,* 2005 WL 1138479 *1 (M.D. Pa. May 13, 2005) (McClure, J.) (quoting *Allen v. Perini,* 424 F.2d 134, 141 (6th Cir. 1970).

Because Jesus-Nunez has not yet been tried or convicted on the federal criminal charges for which he has been indicted, he is a pre-trial detainee. A federal court has jurisdiction to issue a writ of habeas corpus as to a petitioner who has not yet been convicted and is being detained prior to trial on federal charges. 28 U.S.C. §2241(c)(1).[1] To procure relief under this section, a pre-trial detainee still must allege

---

[1] 28 U.S.C. § 2241(c)(1) states:
    (c) the writ of habeas corpus shall not extend to a prisoner unless-
       (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof.

that his detention violates the Constitution or a federal statute. 28 U.S.C. § 2241(c). Moreover, the mere fact that a District Court has jurisdiction to entertain a petition filed under 28 U.S.C. § 2241 by a petitioner who has not yet been convicted does not mean that the petitioner is seeking an appropriate pretrial remedy. *See Whitmer v. Levi*, 276 Fed. Appx. 217, 219 (3d Cir. 2008). In *Whitmer*, the United States Court of Appeals for the Third Circuit held that, "[w]here a defendant is awaiting trial, the appropriate vehicle for violations of his constitutional rights are pretrial motions or the expedited appeal procedure provided by the Bail Reform Act, 18 U.S.C. § 3145(b),(c), and not a habeas corpus petition." *Id.* The *Whitmer* Court found that the petitioner in that case was not entitled to habeas corpus relief because he had adequate remedies available to him in his pending criminal case. *Id.* (citing *Government of the Virgin Islands v. Balones*, 427 F.2d 1135, 1136 (3d Cir. 1970) (per curiam) ("Once a valid indictment or information has issued, the legality of arrest and the constitutionality of police activities must be tested by challenging the admissibility of evidence, rather than by habeas corpus."))

In the instant case, adequate remedies to address the issues Petitioner raises here are available to him in his pending criminal proceedings. In fact, he already has availed himself of the opportunity to raise the Fourth Amendment issue he raises in the instant petition by filing a motion to suppress filed with the trial court, which was

denied. It is apparent from the docket in his criminal case that Petitioner neither filed a motion for reconsideration nor a notice of appeal to the Third Circuit Court of Appeals from the Order denying his motion to suppress. (*See US v. Jesus-Nunez,* Case No. 1:10-CR-00017-01.) Petitioner does not indicate that these avenues of relief are inadequate in any way.

Similarly, the appropriate method for Jesus-Nunez to seek relief as to his second issue in the instant petition requesting consideration for release on bail is through a motion filed with the trial court. It does not appear from his criminal docket that Petitioner has filed any motions requesting that he be released on bail pending his trial, which currently is scheduled for December 6, 2010. (*See US v. Jesus-Nunez,* Case no. 1:10-CR-00017-01, Rec. Doc. No. 210.) Further, as to his particular argument that the denial of bail as to African Americans and Latin Americans confined at the Dauphin County Prison is racially motivated, Petitioner does not indicate that he has sought any relief from the trial court as to this issue and was denied, or that the relief available from the trial court is inadequate in any respect.

**IV. CONCLUSION**

Because Jesus-Nunez has adequate remedies available to him in his pending criminal case, he is not entitled to habeas relief, and the instant petition will be

7

dismissed summarily without requiring a response from Respondent. An appropriate Order follows.

    s/ James F. McClure, Jr.

JAMES F. McCLURE, JR.
United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

EDWARD JESUS-NUNEZ, :
:
    Petitioner :
: CIVIL NO. 4:10-CV-2200
:
v. : (Judge McClure)
:
DOMINICK DEROSE, :
:
    Respondent :

## **ORDER**

November 8, 2010

In accordance with the foregoing Memorandum, **IT IS HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus (Rec. Doc. No. 1) is **DISMISSED**.

2. The Clerk of Court is directed to **CLOSE** this case.

3. There is no basis for the issuance of a Certificate of Appealability. *See* 28 U.S.C. § 2253(c)(3).

                                                       s/ James F. McClure, Jr.
                                                       JAMES F. McCLURE, JR.
                                                       United States District Judge